UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CHARLES SIMON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 18-cv-11431-ADB |
| | * | |
| UNITED STATES DEPARTMENT OF JUSTICE, et al., | * | |
| | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM OPINION

BURROUGHS, D.J.

*Pro se* plaintiff Charles Simon brings this action in which he challenges the calculation of the compensation award he receives pursuant to the Inmate Accident Compensation Act ("IACA"), 18 U.S.C. § 4126, for a back injury he sustained in 1987 while incarcerated.[1] The defendants (United States Department of Justice ("DOJ"), Federal Prison Industries, and two employees of Federal Prison Industries) have moved under Rule 12(b) of the Federal Rules of Civil Procedure to dismiss for failure to state a claim upon which relief can be granted, or, in the alternative, for improper venue. [ECF No. 7]. In the same motion, the defendants also ask that the Court enjoin Simon from filing lawsuits in the District of Massachusetts without receiving prior authorization from the Court to do so. Simon opposed the motion to dismiss, and, in the same document, moved for judgment on the pleadings. [ECF No. 10]. He later filed a motion

---

[1] The IACA establishes the Prison Industries Fund, one purpose of which is to provide compensation to federal inmates for injuries "suffered in any industry or in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined." 18 U.S.C. § 4126(c)(4).

for a preliminary injunction [ECF. No 12], which the defendants have opposed. Simon's motion for a pretrial hearing [ECF No. 10] is also pending.

For the reasons set forth below, the Court will grant in part and deny in part the defendants' motion, deny as moot all other pending motions, and dismiss the action.

**I.      Calculation of Compensatory Payment**

Although Simon's complaint is not a model of clarity, the Court discerns two general claims. The first regards the DOJ's determination twenty-four years ago of the monthly compensatory benefits due to Simon upon his release based on his loss of earning potential resulting from a back injury sustained in prison. Because the injury occurred in the course of Simon's prison employment, compensation is governed by the IACA and its implementing regulations. *See* 28 C.F.R. § 301, *et seq.* The statutory text of the IACA does not contain any minimum requirements or guidelines for determining the amount of such compensation. It simply mandates that compensation not exceed the amount of awards authorized under the Federal Employees Compensation Act ("FECA"), 5 U.S.C. §§ 8101-8193, which provides compensation to federal employees for wages lost due to job-related injuries. The IACA regulations explicitly state that the FECA "shall be followed when practicable." 28 C.F.R. § 301.314. Under the FECA, compensation for work-related partial disability is two-thirds of the difference between the employee's monthly pay and his monthly wage-earning capacity. *See* 5 U.S.C. § 8106(a).[2] Simon argues that the DOJ's method of calculating its monthly

---

[2] Under FECA and the IACA regulations, compensation for some injuries (such as loss of vision, a digit, or a limb), is paid in a lump sum. *See* 28 C.F.R. § 301.314(c)(1) (referencing 5 U.S.C. § 8107). Compensation for other injuries, such as that sustained by Simon, are "paid on a monthly basis because such awards are subject to periodic review of entitlement." 28 C.F.R. § 301.314(c)(2).

compensation—multiplying the percentage of the inmate's work-related disability by two-thirds of the income of someone employed full-time at the federal minimum wage[3] —is inconsistent with the FECA and violates Title VII of the Civil Rights Act of 1964, the Fifth Amendment, and the Eighth Amendment.

Any claim concerning the calculation of Simon's monthly compensation award is barred by the doctrine of *res judicata.* "Under the federal law of res judicata, a final judgment on the merits of an action precludes the parties from relitigating claims that were raised or could have been raised in that action." *Maher v. GSI Lumonics, Inc.*, 433 F.3d 123, 126 (1st Cir. 2005) (quoting *Porn v. Nat'l Grange Mut. Ins. Co.*, 93 F.3d 31, 34 (1st Cir. 1996)). As the defendants point out in their motion to dismiss, Simon has attempted on numerous occasions to litigate this claim. Courts have dismissed his actions on the merits. *See Simon v. Fed. Prison Indus., Inc.*, Case No. 97-5323, 159 F.3d 637 (Table), 1998 WL 388369 (D.C. Cir. May 13, 1998) (per curiam) (holding that Simon's "award of compensation was properly calculated under [IACA] and its implementing regulations" and that there was "no merit to [Simon]'s challenge to the validity of the inmate compensation system"); *Simon v. U.S. Dep't of Justice*, 89 F.3d 823 (Table), 1996 WL 345955 (1st Cir. June 25, 1996) (per curiam) (agreeing with the district court that his Eighth and Fourteenth amendment claims "lack[ed] even the minimal factual specificity required to scale the Rule 12(b)(6) hurdle" and that "plaintiff's execution of the 'award and acknowledgement and acceptance form' extinguished any further claim for inmate accident compensation," entitling the government to summary judgment on that issue).[4] Thereafter,

---

[3]The IACA regulations require calculation of the compensatory award based on the degree of impairment at the time of release, application of the FECA "when practicable," and the federal minimum wage, *see* 28 C.F.R. § 301.314, but they do not explicitly mandate application of the FECA's two-thirds compensation rate.

courts have dismissed the claim on the ground of *res judicata*. *See*, *e.g.*, *Simon v. U.S. Dep't of Justice*, Case No. 16-5031, 2016 WL 3545484 (D.C. Cir. June 10, 2016) (per curiam); *Simon v. Bickell*, Case. No. 10-5313, 2011 WL 1770138 (D.C. Cir. Apr. 22, 2011) (per curiam); *Simon v. Fed. Prison Indus., Inc.*, 238 Fed. App'x 623 (D.C. Cir. 2007) (per curiam); *Simon v. Fed. Prison Indus.*, Case No. 08-10792-JLT, 2003 WL 26128191 (D. Mass. July 15, 2003), *aff'd*, 91 Fed. App'x 161 (1st Cir. 2004) (per curiam).[5]

Moreover, such claim, which arises out the DOJ's 1995 determination of the manner in which Simon's compensation is calculated, would be time-barred. *See* 28 U.S.C. § 2401(a) (providing a six-year statute of limitations for lawsuits against the United States).

## II. Termination of Compensatory Benefits

Simon also alleges in the present action that, after receiving compensation payments under the IACA, the payments were terminated in June 2018 "without reason or notice." Compl. ¶ 7a.[6] He claims he has been unlawfully deprived of his property interest in the continued compensation. The defendants do not address this claim in their motion to dismiss. Because Simon did not and could not have raised this claim in his earlier actions, the defendants' motion to dismiss on the ground of *res judicata* or the statute of limitations is denied with regard allegations that his compensation payments were wrongfully terminated in 2018.

---

[5] In their motion to dismiss [ECF No. 7 at 2], the defendants suggest that, in *Simon v. Brennan*, 940 F.2d 666 (Table), 1991 WL 139921 (7th Cir. July 31, 1991) (not selected for publication), Simon litigated the claims raised in this action. However, *Brennan* concerned Simon's lost wages while incarcerated, *see* 28 C.F.R. §§ 301.201-205, whereas the present case concerns compensation for inmates after their release, *see* 28 C.F.R. §§ 301.101-301.319.

[6] In his complaint, Simon indicates the month but not the year that his disability payments were terminated. The exhibits to his motion for judgment on the pleadings [ECF No. 10] indicate that he was receiving payments as recently as April 2018. Thus, the Court infers that the payments were terminated in June 2018.

Notwithstanding, the Court will dismiss this claim, but without prejudice, because Simon has failed to exhaust his administrative remedies.[7] Neither the IACA nor its implementing regulations specifically require the administrative exhaustion of a claim that IACA compensatory payments were wrongfully terminated. Under the common-law doctrine of administrative exhaustion, however, a court can require a litigant to exhaust administrative remedies in appropriate circumstances. *See McCarthy v. Madigan*, 503 U.S. 140, 145-46 (1992), *superseded by statute on other grounds*, 42 U.S.C. § 1997e(a); *Anversa v. Partners Healthcare Sys., Inc.*, 835 F. 3d 167, 175-76 (1st Cir. 2016). Requiring exhaustion of administrative remedies "serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency." *McCarthy*, 503 U.S. at 145.

Simon does not represent that, during the brief passage of time between the reported termination of the payments in June 2018 and the filing of this lawsuit on July 10, 2018, he attempted to resolve the matter with DOJ, or, in other words, that he even attempted, much less exhausted his administrative remedies. While the exact procedure for challenging the termination of monthly compensation payments is not specified in the IACA or its implementing regulations, the regulations envision some resolution at the administrative level of issues concerning the termination of monthly payments. *See* 28 C.F.R. § 301.315(b) (where FPI requests but recipient fails to provide a statement of earnings, IACA benefits will be suspended "until such time as satisfactory evidence of continued eligibility is provided).[8] Simon must

---

[7] For purposes of this order, the Court assumes, without deciding, that the DOJ's suspension or termination of monthly compensatory benefits is subject to judicial review.

[8] According a document Simon filed in another case, in the spring of 2017 he received an "Annual Income Review Request for Claimant" from the DOJ requiring him to submit his annual earnings for 2016. *See Simon v. U.S. Dep't of Justice*, C.A. No. 94-11212-MLW (D. Mass.) [ECF No. 71 at 9].

attempt to address the reason for the termination of his compensation payments with the DOJ before seeking a judicial remedy.

## III.     Venue

The defendants correctly point out that venue does not exist in the District of Massachusetts. The claims raised in this action lack any ties to the District of Massachusetts, and Simon represents that he resides in New York. Should Simon choose to seek judicial review of a decision of the DOJ to terminate his payments (after having exhausted administrative remedies), he must bring the action in a federal district court where venue is appropriate. *See* 28 U.S.C. § 1391.

## IV.     Motion for an Order of Enjoinment

Because Simon's claim concerning the termination of his monthly payment is not barred by *res judicata* or the statute of limitations, the Court will decline to order that Simon be required to seek and obtain leave of Court prior to commencing a new civil action in the District of Massachusetts. Nonetheless, Simon is warned that he could be subject to sanctions if he files another claim in this Court concerning the DOJ's 1995 calculation of his monthly compensatory payments.

## V.     Order

In accordance with the foregoing, the Court hereby orders that:

(1)     The defendants' motion to dismiss for failure to state a claim upon which relief can be granted is GRANTED insofar as defendants seek dismissal of the claim concerning the calculation of Simon's monthly compensatory award.

(2) The motion to dismiss for failure to state a claim upon which relief can be granted is DENIED with regard to Simon's claims that his inmate compensation payments have been unlawfully terminated.

(3) The motion to dismiss for improper venue is DENEID WITHOUT PREJUDICE.

(4) The motion to sanction Simon is DENIED WITHOUT PREJUDICE.

(5) Simon's claim concerning the termination of his monthly compensatory payments is DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies.

(6) All other pending motions shall be terminated as moot.

**So Ordered.**

Dated: November 19, 2018    /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE